UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAGDALIA MARMOL,
           Plaintiff,

    v.                                                                Case No. 15-24515-CIV-GAYLES

DEPARTMENT OF CHILDREN AND
FAMILIES,
           Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. Plaintiff Magdalia Marmol, appearing *pro se*, has filed a Complaint against the Florida Department of Children and Families ("DCF"). [ECF No. 1]. Because the Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). Upon initial screening, the Court finds Plaintiff's Complaint fails to state a claim upon which relief may be granted.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). In reviewing the Complaint, the Court must apply the "liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Based on a liberal reading of the Complaint, the Plaintiff's granddaughter, over whom the Plaintiff claims she had temporary custody, was allegedly taken by DCF; subsequently, a court process was initiated through which the Plaintiff lost custody of the child. The Plaintiff claims that, through this process, DCF violated her constitutional rights. She asks that the Court award her $4,000,000 for this violation as well as custody of her grandchild. Although she provides the names of several DCF employees who were allegedly involved in some way or another, she fails to identify with particularity how DCF or any person in its employ deprived her of her constitutional rights, or what constitutional rights DCF or any person in its employ has allegedly violated. The Complaint does not contain "detailed factual allegations," as required by *Iqbal*, but rather the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that *Iqbal* specifically denounces. 556 U.S. at 678. The Plaintiff has not provided any details, but rather makes conclusory allegations that DCF caused her suffering. Accordingly, the Court finds that the Plaintiff has failed to state a claim for relief for any constitutional violation and such claims are hereby dismissed.

The Plaintiff also alleges that DCF violated Fla. Stat. § 39.509, relating to grandparents' visitation rights to a child who has been adjudicated a dependent and has been taken from the physical custody of the parent. As the Court has just determined above that the Plaintiff's

constitutional claims—the only claim over which this Court would have original subject matter jurisdiction—are dismissed, the Court declines to exercise supplemental jurisdiction over any attendant claim the Plaintiff has asserted arising under state law. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). All state law claims are also dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED** that this case is **DISMISSED without prejudice**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Proceed *in forma pauperis* is **DENIED**, and the Clerk is instructed to mark the case as **CLOSED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of December, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      All Counsel of Record

3